ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2569
Facsimile: (213) 894-7177
E-mail: victor.rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

$127,240.00 IN U.S. CURRENCY,

Defendant.

No. CV 13-01583-ODW(JPRx)

**CONSENT JUDGMENT OF FORFEITURE**

On or about March 6, 2013, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the defendant $127,240.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Jaime Rosario ("claimant") claims an interest in the defendant currency, but has not filed a claim to the defendant currency or an answer to the Complaint. As reflected in the stipulation to extend time to respond to the initial complaint filed on or about May 14, 2013, the government and claimant extended the time for claimant to file a claim and answer to June 20, 2013 (with respect to the claim) and July 11, 2013 (with respect to the answer). No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimant have now agreed to settle this action by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimant. By entering into this Consent Judgment of Forfeiture, claimant does not admit the allegations of the Complaint for Forfeiture to be true. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true. Claimant is relieved of claimant's obligation to file a claim and answer in this litigation.

/ / /

4. The sum of $6,000.00 only (without interest) shall be returned to claimant. The remainder of the defendant currency (i.e., $121,240.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to claimant pursuant to paragraph 4 above shall be paid to claimant by electronic transfer into the client trust account of Gottlieb & Gordon, which is the New York law firm that has represented claimant in connection with the government's seizure of the defendant currency. Claimant (through his attorney Justin F. Heinrich, Esq.[1] of the law firm of Gottlieb & Gordon) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to process the transfer including, without limitation, providing (i) claimant's social security and taxpayer identification numbers (if any); (ii) Gottlieb & Gordon's taxpayer identification number; and (iii) the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Gottlieb & Gordon trust account to which the transfer of funds is to be made.

6. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the

[1] Justin F. Heinrich works at the New York law firm of Gottlieb & Gordon and is not admitted to practice in California. Claimant is representing himself pro se in the instant litigation and has signed the Consent Judgment of Forfeiture.

Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant.

7. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. The parties hereto shall bear their own attorney fees and costs.

9. Claimant hereby agrees that this Consent Judgment of Forfeiture can be served on claimant by the government and the Court as follows: Jaime Rosario, c/o Justin F. Heinrich, Esq., Gottlieb & Gordon, 111 Broadway, Suite 701, New York, New York 10006.

CONSENT

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: June 20, 2013

THE HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE